FILED
MAY - 8 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Peter Taylor, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09 0859 |
| ) | |
| Director of B.O.P. *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint, among other grounds, fails to state a claim upon which relief can be granted).

Plaintiff is a prisoner at the Federal Correctional Institution in Ray Brook, New York. He sues Attorney General Eric Holder and the Bureau of Prisons Director and Assistant Director under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Although plaintiff has not identified the latter two officials by name, he purports to sue all three defendants in their individual capacities. *See* Compl. Caption. Plaintiff alleges that he was attacked in September 2008 by another inmate at the Ray Brook facility and further claims that his conditions of confinement there violate the Fifth and Eighth amendments and common law. He faults defendants for lax security at Ray Brook. *See* Compl. at 3. Plaintiff seeks $250,000 in monetary damages.

This Court has a "duty . . . to stop insubstantial *Bivens* actions in their tracks and get rid of them." *Simpkins v. District of Columbia Government*, 108 F.3d 366, 370 (D.C. Cir. 1997) (citations omitted). A federal official may be held personally liable under *Bivens* only for unconstitutional conduct in which he was personally and directly involved. *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993). Plaintiff's allegations against the high-level officials are based on "nothing more than a theory of *respondeat superior*, which of course cannot be used in a *Bivens* action." *Cameron*, 983 F.2d at 258 (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *see Farmer v. Moritsugu*, 163 F.3d 610, 616 (D.C. Cir. 1998) (finding as "untenable" the exposure of BOP's medical director to personal liability "for all alleged mistakes in the individual diagnoses of every inmate in the BOP system, simply by virtue of an inmate's complaint"); *Price v. Kelly*, 847 F. Supp. 163, 169 (D.D.C. 1994), *aff'd*, 56 F.3d 1531 (D.C. Cir. 1995) (*Bivens* "complaint must specifically allege the involvement of each individual defendant"). Besides, the events forming the basis of the complaint occurred before the only named defendant, Attorney General Holder, took office.

For the foregoing reasons, Court finds that the complaint fails to state a claim upon which relief can be granted. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/
United States District Judge

Date: April 24, 2009